UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DONALD ADAMS,**                                     Case Number: 8:22-cv-773

**Plaintiff,**

v.

**AIO LOCKSMITH LLC.,**
**d/b/a ALL IN ONE LOCKSMITH,**

**Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of their complaint, Plaintiff states as follows:

2. Plaintiff was employed by Defendant as a locksmith technician.

3. Plaintiff was employed by Defendant during the three years prior to this lawsuit.

4. Defendant is a locksmith company that provides locksmith services in Hillsborough County, Florida.

5. Defendant operates a joint venture with regards to their locksmith enterprise.

6. During his employment, Plaintiff received paychecks from Defendant, AIO Locksmith Services, LLC., d/b/a All in One Locksmith.

7. During his employment, Plaintiff was assigned to provide locksmith services bearing Defendant, AIO Locksmith Services, LLC., All in One Locksmith's, name.

8. Defendant AIO Locksmith Services, LLC., d/b/a All in One Locksmith, owns and operates a locksmith enterprise in Hillsborough County, Florida headquartered at 7031 Benjamin Rd. Suite J. Tampa, Florida 33634.

9. At all times relevant to this action, Plaintiff worked for Defendants and performed services for Defendant in Hillsborough County, Florida.

10. At all times during his employment, Plaintiff was employed by Defendant as a non-exempt employee.

11. During the entirety of his employment, Plaintiff worked at least 65 hours per week.

12. Plaintiff was not paid overtime wages for all of the hours he worked while employed by Defendant.

13. Plaintiff was not subject to any overtime exemptions.

14. Defendant engaged in an illegal policy of requiring Plaintiff to work 65 hours in each workweek of his employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

15. Defendant did not maintain or utilize time keeping records and software that would have allowed Plaintiff to be paid for all hours worked in violation of 29 C.F.R. § 516.

16. Defendant failed to pay Plaintiff at one-and-one-half-times his regular rate for all hours worked beyond 40 in a single workweek.

17. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

18. As a result, Plaintiff often performed work for Defendant at a rate well below the appropriate premium wage.

19. As of this date, Plaintiff still has not been paid the entirety of his wages and have not been compensated for the full extent of his damages and wage loss under the FLSA.

20. Plaintiff seeks full compensation, including back wages, liquidated

damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one- and-one-half times his regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

21. Defendant is a for profit corporation that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court.

22. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the locksmith industry as Defendant operate a locksmith enterprise and require Plaintiff to travel along highways and biways providing locksmith services to automobiles that have traveled into Florida from other states.

23. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of back wages, liquidated damages, and reasonable attorneys' fees and costs.

24. The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

25. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the locksmith industry.

26. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including automobiles, materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

27. At all material times relevant to this action, Plaintiff in his capacity as a locksmith technician was individually covered by the FLSA. The very essence of Plaintiffs' employment, locksmith technician, is so closely related to interstate commerce that Plaintiff's relationship to interstate commerce cannot be separated.

28. Indeed, Plaintiff was regularly required to communicate with potential buyers via internet, electronic mail, and telephonic communications.

29. Plaintiffs regularly provided locksmith services that had been moved into Florida from other states.

30. Plaintiff regularly provided locksmith services that had recently been traveling along highways and byways within the state.

31. Plaintiff did not bear supervisory responsibility for any other employees. Plaintiff did not regularly direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control Defendant's budget in any way. Plaintiff did not implement legal compliance measures.

32. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

33. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of their employment.

34. However, Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

35. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-35, above.

37. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

38. Plaintiff was entitled to receive one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek.

39. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

40. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

41. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

42. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and

liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 1st day of April, 2022.

/S/ **Kyle J. Lee**

Kyle J. Lee, Esq.
FLBN: 105321

LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com